UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
KENT SALVESON,                                          :
                                                        :
                   Plaintiff,                     :         Docket No.
                                                        :
   -against-                                           :         **COMPLAINT**
                                                        :
RELATED MANAGEMENT COMPANY, L.P.,                       :
17th AND 10th ASSOCIATES LLC a/k/a 17th AND 10th        :
ASSOCIATES INC., JONATHAN H. CANTER,                    :
INDIVIDUALLY AND AS PARTNER, MEMBER,                    :
AGENT, AND OFFICER OF KRAMER LEVIN                      :
NAFTALIS & FRANKEL, LLP, AND KRAMER LEVIN               :
NAFTALIS & FRANKEL, LLP, a New York Limited             :
Liability Partnership                                   :
                                                        :
                   Defendants,                    :
------------------------------------------------------------------------ X

Plaintiff Kent Salveson ("Plaintiff" and/or "Mr. Salveson"), by and through his counsel, Davis & Byrnes, as and for his complaint against Defendants Related Management Company, L.P., 17th and 10th Associates LLC a/k/a 17th and 10th Associates Inc. (collectively referred to as "Related"), Jonathan H. Canter, individually and as partner, member, agent and officer of Kramer Levin Naftalis & Frankel, LLP ("Canter"), and Kramer Levin Naftalis & Frankel, LLP, a New York Limited Liability Partnership ("Kramer") (collectively, the "Defendants"), states as follows:

## NOTICE OF ACTION

1. Plaintiff is an owner of a condominium unit in the building located at 450 West 17th Street, New York, New York 10011 (the "Condo"). In 2016, Mr. Salveson purchased the Condo using funds from one of his companies and then transferred the Condo into his name in 2019. Despite Plaintiff's valid ownership of the Condo by resolution in this Court, Defendants have, to date, illegally refused to grant the Plaintiff access to the condo building and specifically to his condo unit. These Defendants will not provide Plaintiff electronic access keys even though he

filled out all the requisite forms. Related, with the assistance of their attorney, Canter, repeatedly refused to allow Mr. Salveson access to his own Condo. Moreover, Canter and Related has had verification that Mr. Salveson is the owner of the Condo since 2019 yet insist that Mr. Salveson sign a settlement agreement and release the Defendants before granting access to the Condo. Defendants are without any basis to block access, refuse entry, or to otherwise force the Plaintiff to indemnify them against a legal action in order to grant access to the unit. Presently, Defendants are holding access to the unit hostage and are refusing to provide any access to Plaintiff, even to inspect the unit. Accordingly, Plaintiff has no choice but to proceed with the instant action so that he may access a unit that he validly owns.

## THE PARTIES

2.  Plaintiff Kent Salveson ("Plaintiff" or "Salveson") is a natural person who operates a business in the State of California, but his residence is located at 3 Warwick Lane, Nashville TN 37205.

3.  Defendant Related Management Company, L.P. was and still is a domestic limited partnership existing pursuant to and by virtue of the laws of the State of New York, with an address of 423 West 55th Street, Suite 9, New York, New York 10019.

4.  Defendant 17th and 10th Associates LLC a/k/a 17th and 10th Associates Inc. was and still is a foreign limited liability company existing pursuant to and by virtue of the laws of the State of Delaware, with an address of 450 West 17th Street, New York, New York 10011.

5.  Defendant Jonathan H. Canter is a natural person who resides in the State of New York.

6.  Defendant Kramer is a New York law firm engaged in the business of offering legal services, Canter is its law partner, and Kramer's client is Related.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00 and is between citizens of different states.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because the Unit is located within this District.

## FACTS

9. Plaintiff is the owner of Unit 1009 (the "Unit") in the building known as The Caledonia, located at 450 West 17th Street, New York, New York 10011 (the "Building"). A copy of Plaintiff's deed to the Unit annexed hereto as Exhibit A.

10. Steven Y. Woo and Jolynne E. Ewing are the former owners of the Unit, pursuant to a deed dated November 20, 2008. A copy of said deed is annexed hereto as Exhibit B.

11. Steven Y. Woo and Jolynne E. Ewing owned the Unit until 2015. In July 2015, Steven Y. Woo and Jolynne E. Ewing transferred ownership of the Unit to Woo's former entity EQD, LLC a/k/a EQD LLC ("EQD"), by way of a certain Quitclaim Deed. A copy of this Quitclaim Deed is annexed hereto as Exhibit C. In or around July 2015, after Woo transferred the Unit into EQD LLC, Woo transferred EQD LLC to Sung Yi ("Yi") in exchange for Yi's payment of approximately $321,000.00.

12. Yi, as the 100% member of EQD, on or about July 2, 2016, in exchange for Mr. Salveson's payment of approximately $400,000.00, transferred EQD LLC and the Condo to Mr. Salveson. Subsequent to Mr. Salveson's purchase, he tried to enter the building in or around 2018 but was denied access because Related refused to acknowledge Mr. Salveson's ownership, prompting Mr. Salveson to eventually file an action seeking declaratory relief in this Court. Pursuant to a certain Consent Judgment and Decree, dated December 15, 2020, and entered in the

action captioned *Kent Salveson, Esq. and EQD, LLC v. Sung Yi*, Case No. 1:20-cv-06684, this Court entered a judgment, because in part Mr. Yi consented to the following:

        (a)        Salveson is the 100% member of EQD, LLC.

        (b)        Mr. Yi transferred 100% of EQD, including ownership of the Unit, to Salveson on July 2, 2016.

        (c)        EQD is not subject to any contracts to sell any of its assets.

A copy of said Consent Judgment and Decree is annexed hereto as Exhibit D.[1]

13.       Prior to the entry of the Consent Judgment and Decree, the Unit was transferred from EQD to Salveson on March 15, 2019, by Quitclaim Deed. *See* Exhibit A.

14.       Following Plaintiff's purchase of EQD in July 2016, litigation ensued between Steve Woo, Jolynne E. Ewing (Woo's wife) and Plaintiff, under the caption *Woo v. Salveson, et al.*, Case No. 30-2018-01008631 CU-CO-CJC (the "Ewing Action").

15.       Jolynne E. Ewing later agreed to settle her claims in the Ewing Action. As a part of a certain Settlement Agreement and Mutual Release, a copy of which is annexed hereto as Exhibit E, Ms. Ewing released all claims of ownership to the Unit.

16.       Earlier this year, Steven Y. Woo filed for bankruptcy in the Central District of California, under the caption *In re: Steven Yuk Kin Woo d/b/a Woof Consulting*, Case No. 8:21-bk-10768-MW (the "Woo Bankruptcy").

17.       In the Woo Bankruptcy, Steven Y. Woo filed a motion wherein he disavowed ownership of the Unit. Out of an abundance of caution and to ensure Woo waived any and all claims of ownership in the Condo, Woo signed a statement verifying that he did not have any

---

[1] Notably, Related and Canter have the Consent Judgment and Decree since February 2021, but refuse to acknowledge its significance.

ownership rights in the Condo, a copy of that agreement is annexed hereto as Ex. F. Canter has this agreement and so does Related.

18. Despite having a deed for possession of the Unit since 2019, and otherwise resolving ownership of the Unit through numerous court actions, the Defendants continue to deny the Plaintiff access to his Condo.

19. Plaintiff has attempted on multiple occasions to access the Unit, and attempted to resolve this short of court action, but these Defendants have ignored the Court Action and otherwise prevented him access. In the summer of 2021, Plaintiff instructed his counsel to try to gain access to the Unit, but counsel was denied entry.

20. In September 2021, Plaintiff tried again to access the Unit, but was denied access by Defendants. The email exchange between Mr. Salveson's California Counsel and Canter, evidencing that Canter refuses to grant Mr. Salveson's access unless Mr. Salveson pays for Woo's Homeowner Association Dues, is annexed hereto as Ex. G.

21. The Operation of the Building, and rules concerning ownership of units in the Building is governed by the By-Laws of The Caledonia (the "By-Laws"). A copy of said By-Laws is annexed hereto as Exhibit H.

22. Pursuant to the By-Laws governing the Building, Defendants are not permitted to prevent Plaintiff from accessing the Unit.

23. To date, Plaintiff has been unable to access a Unit that he legally owns for over two years.

24. Plaintiff requests that this Court order the Defendants to grant access to the Unit immediately, as well as show cause as to why they should not be held in contempt for refusing to abide by the Consent Judgment and Decree, previously requesting that Mr. Salveson file an

additional action for possession. It should be noted that the Condo is not possessed by any person, and there is no anticipated tenancy. The Condo is vacant because the Defendants will not allow Mr. Salveson access to inspect, occupy, lease what he purchased more than two years ago. Plaintiff has no other adequate remedy at law.

## COUNT ONE
(Violation of Real Property Actions & Proceedings Law § 853)

25. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

26. Real Property Actions & Proceedings Law § 853 states as follows:

> Action for forcible or unlawful entry or detainer; treble damages. If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong doer.

27. Defendants have intentionally disseized and put out Plaintiff from the Unit in a forcible or unlawful manner.

28. Defendants have intentionally kept Plaintiff out of the Unit by force, fear and unlawful means.

29. As a result of the foregoing, Plaintiff is entitled to trebled damages in an amount which exceeds the jurisdictional limits of all lower courts, to be determined at trial.

## COUNT TWO
(Conversion)

30. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

31. Defendants, intentionally and without authority, have assumed or exercised control over the keys to the Unit belonging to Plaintiff and interfered with Plaintiff's right of possession of the same.

32. Plaintiff has possessory rights or interests in the keys to the Unit, and Defendants' continuing dominion over the keys is a derogation of Plaintiff's rights.

33. As a result of the foregoing, Plaintiff is entitled to damages in an amount which exceeds the jurisdictional limits of all lower courts, to be determined at trial.

### COUNT THREE
(Breach of By-Laws)

34. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

35. Plaintiff agreed to the terms of the By-Laws in acquiring the Unit.

36. The By-Laws constitute a legally binding and enforceable agreement between Plaintiff and Defendants.

37. Notwithstanding Plaintiff's compliance with the By-Laws and demands that 17th and 10th Associates LLC comply with the By-Laws, 17th and 10th Associates LLC have failed and refused to permit Plaintiff to access the Unit.

38. By reason of the wrongful acts alleged herein, 17th and 10th Associates LLC have materially breached their obligations under the By-Laws.

39. Defendants herein have repudiated the By-Laws.

40. Plaintiff has fulfilled all his obligations under the By-Laws and is not in default of the By-Laws.

41. As a result of the foregoing, Plaintiff is entitled to damages in an amount which exceeds the jurisdictional limits of all lower courts, to be determined at trial.

### COUNT FOUR
(Breach of Fiduciary Duty)

42. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

43. A fiduciary relationship exists between Plaintiff and Related by virtue of Related's operation of the Building on behalf of Plaintiff.

44. Related has breached their fiduciary duty to Plaintiff by refusing to permit Plaintiff to access a Unit he owns in the Building.

45. As a result of the foregoing, Plaintiff is entitled to damages in an amount which exceeds the jurisdictional limits of all lower courts, to be determined at trial.

**COUNT FIVE**
(Violation of Federal Debt Collection Practices Act - 5 U.S. Code § 1692g)

46. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

47. Pursuant to 5 U.S. Code § 1692g, within five (5) days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

48. On August 9, 2021, Defendant Jonathan H. Canter, a partner of the law firm Kramer Levin Naftalis & Frankel LLP, sent an email to counsel for Plaintiff stating, *inter alia*, "I'm told

there are 5 months or so of common charge arrearages. We'd like that cleaned up now so that things start off with a clean slate."

49. Subsequently, on September 8, 2021, Mr. Canter sent a further email with Plaintiff CC'd accusing Salveson, *inter alia*, of "refusing to still bring the unit's common charge delinquencies up to date."

50. Mr. Canter has attempted to collect an alleged debt from Plaintiff on behalf of 17th and 10th Associates LLC.

51. In attempting to collect said debt, Mr. Canter was required to send a debt verification notice in compliance with 5 U.S. Code § 1692g.

52. To date, Mr. Canter has not sent any such notice to Plaintiff, in violation of the Federal Debt Collection Practices Act.

53. As a result of the foregoing, Plaintiff is entitled to damages in an amount which exceeds the jurisdictional limits of all lower courts, to be determined at trial.

## COUNT SIX
(Declaratory Judgment)

54. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if more fully set forth at length herein.

55. As all of the conditions of the By-Laws have been met by Plaintiff, Defendant is therefore required to permit Plaintiff use and occupancy of the Unit.

56. Notwithstanding the foregoing, Defendant has failed and refused to comply with the By-Laws, by, *inter alia*, preventing Plaintiff's access to the Unit and refusing to provide him keys to access the Unit.

57. Plaintiff has and will continue suffer harm as a result of Defendants failing and refusing to comply with the terms of the By-Laws.

58. The equities balance in favor of Plaintiff and against Defendants.

59. Plaintiff has no adequate remedy at law.

60. By reason of the foregoing, Plaintiff is entitled to a declaratory judgment that he is the rightful owner of the Unit and that Defendants must permit him to access the Unit.

**PRAYER FOR RELIEF**

**WHEREFORE,** for all of the foregoing reasons, it is respectfully requested that judgment is entered as to Plaintiff's claims against Defendants as follows:

A. A declaration that 17th And 10th Associates LLC A/K/A 17th And 10th Associates Inc. has materially breached the By-Laws and is in default thereof and directing Defendant to comply with the By-Laws, including, but not limited to, permitting Plaintiff to access the Unit and providing him keys to the Unit;

B. Damages in an amount to be determined at trial, including, but not limited to, actual and punitive damages;

C. Treble damages;

D. Attorney's fees, costs, appropriate interest and disbursements; and

E. Such other and further relief as may be just and proper.

Dated: New York, New York
December 17, 2021

**DAVIS & BYRNES**
*Attorneys for Plaintiff*

By: /s/Gregory Byrnes
Gregory A. Byrnes
11 Broadway, Suite 615
New York, New York 10004
(646) 448-6279