UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
KENT SALVESON,                                                           :
                                                                         :
                Plaintiff,                                      :   Case No. 1:21-cv-10929-JPC
                                                                         :
   -against-                                                            :   **ANSWER OF**
                                                                         :   **DEFENDANTS KRAMER**
RELATED MANAGEMENT COMPANY, L.P.,                                        :   **LEVIN AND JONATHAN**
17th AND 10th ASSOCIATES LLC a/k/a 17th AND 10th                         :   **CANTER TO THE**
ASSOCIATES INC., JONATHAN H. CANTER,                                     :   **COMPLAINT**
INDIVIDUALLY AND AS PARTNER, MEMBER,                                     :
AGENT, AND OFFICER OF KRAMER LEVIN                                       :
NAFTALIS & FRANKEL, LLP, AND KRAMER LEVIN                                :
NAFTALIS & FRANKEL, LLP, a New York Limited                              :
Liability Partnership                                                    :
                                                                         :
                Defendants.,                                    :
------------------------------------------------------------------------ X

        Defendants Kramer Levin Naftalis & Frankel LLP ("KL") and Jonathan H. Canter (together, the "KL Defendants"), by their undersigned attorneys, for their Answer to the Complaint of Plaintiff Kent Salveson, dated December 17, 2021, and filed December 20, 2021 (the "Complaint"), respond as follows:

        1.     Deny the allegations of Paragraph 1 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 concerning the conduct of persons and entities other than KL Defendants.

        2.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

        3.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

        4.     Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

- 2 –

5. Admit the allegations of Paragraph 5.

6. Deny the allegations of Paragraph 6 except admit that KL is a New York limited liability partnership engaged in the practice of law and that Jonathan Canter is a lawyer and KL partner.

7. Deny the allegations of Paragraph 7 except admit that the Complaint purports to invoke the subject matter jurisdiction of this Court pursuant to the recited legal authorities.

8. Deny the allegations of Paragraph 8 except admit that the Complaint contends that this District is a proper venue for this action pursuant to the recited legal authorities.

9. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Deny the allegations of Paragraph 12 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 concerning the conduct of persons and entities other than KL Defendants.

13. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

- 3 –

16. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. Deny the allegations of Paragraph 17 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 concerning the conduct of persons and entities other than KL Defendants and further aver that the Exhibit F attached to the copy of the Complaint served upon the KL Defendants appears to be an incomplete set of by-laws and not an "agreement" as described in Paragraph 17.

18. Deny the allegations of Paragraph 18 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 concerning the conduct of persons and entities other than KL Defendants.

19. Deny the allegations of Paragraph 19 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 concerning the conduct of persons and entities other than KL Defendants.

20. Deny the allegations of Paragraph 20 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 concerning the conduct of persons and entities other than KL Defendants and further aver that there was no Exhibit G attached to the copy of the Complaint served upon the KL Defendants.

21. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and further aver that there was no Exhibit H attached to the copy of the Complaint served upon the KL Defendants.

22. Deny the allegations of Paragraph 22 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 concerning the conduct of persons and entities other than KL Defendants and respectfully refer

the Court to the referenced by-laws for their true and accurate contents.

23. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. Deny the allegations of Paragraph 24 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 concerning the conduct of persons and entities other than KL Defendants.

As to Count One of the Complaint

25. With respect to the allegations of Paragraph 25, repeat the responses set forth in Paragraphs 1-24 of this Answer.

26. Deny the allegations of Paragraph 26 except admit that Plaintiff purports to rely on New York Real Property Actions & Proceedings Law Section 853 and refer to that statute for its true and accurate contents.

27. Deny the allegations of Paragraph 27 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 concerning the conduct of persons and entities other than KL Defendants.

28. Deny the allegations of Paragraph 28 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 concerning the conduct of persons and entities other than KL Defendants.

29. Deny the allegations of Paragraph 29.

As to Count Two of the Complaint

30. With respect to the allegations of Paragraph 30, repeat the responses set forth in Paragraphs 1-29 of this Answer.

31. Deny the allegations of Paragraph 31 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 concerning the conduct of persons and entities other than KL Defendants.

32. Deny the allegations of Paragraph 32 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 concerning the conduct of persons and entities other than KL Defendants.

33. Deny the allegations of Paragraph 33.

<u>As to Count Three of the Complaint</u>

34. With respect to the allegations of Paragraph 34, repeat the responses set forth in Paragraphs 1-33 of this Answer.

35. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Deny the allegations of Paragraph 36 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 concerning the conduct of persons and entities other than KL Defendants.

37. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39. Deny the allegations of Paragraph 39 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 concerning the conduct of persons and entities other than KL Defendants.

40. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41. Deny the allegations of Paragraph 41.

## As to Count Four of the Complaint

42. With respect to the allegations of Paragraph 42, repeat the responses set forth in Paragraphs 1-41 of this Answer.

43. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44. Deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. Deny the allegations of Paragraph 45.

## As to Count Five of the Complaint

46. With respect to the allegations of Paragraph 46, repeat the responses set forth in Paragraphs 1-45 of this Answer.

47. Deny the allegations of Paragraph 47, except admit that Plaintiff purports to rely on 5 U.S.C. Section 1692g and refer to that statute for its true and accurate contents.

48. Deny the allegations of Paragraph 48 except admit that Mr. Canter sent an email to Plaintiff's counsel on that date and refer to that email for its true and accurate contents.

49. Deny the allegations of Paragraph 49 except admit Mr. Canter sent an email to Plaintiff's counsel on that date and refer to that email for its true and accurate contents.

50. Deny the allegations of Paragraph 50.

51. Deny the allegations of Paragraph 51.

52. Deny the allegations of Paragraph 52.

53. Deny the allegations of Paragraph 53.

## As to Count Six of the Complaint

54. With respect to the allegations of Paragraph 54, repeat the responses set forth in Paragraphs 1-53 of this Answer.

55. Deny the allegations of Paragraph 55 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 concerning the conduct of persons and entities other than KL Defendants.

56. Deny the allegations of Paragraph 56 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 concerning the conduct of persons and entities other than KL Defendants.

57. Deny the allegations of Paragraph 57 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 concerning the conduct of persons and entities other than KL Defendants.

58. Deny the allegations of Paragraph 58 except deny possessing knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 concerning the conduct of persons and entities other than KL Defendants.

59. Deny the allegations of Paragraph 59.

60. Deny the allegations of Paragraph 60.

Without in any way admitting any of the allegations of the Complaint, and without admitting or suggesting that the KL Defendants bear the burden of proof on any of the following defenses or issues, the KL Defendants allege the following separate and independent affirmative defenses:

### First Affirmative Defense

61. The Complaint fails to state a claim upon which relief against the KL Defendants can be granted.

### Second Affirmative Defense

62. Plaintiff lacks standing to assert one or more of the counts in the Complaint against the KL Defendants.

### Third Affirmative Defense

63. Plaintiff has not sustained any damages compensable at law as a result of any actions or inaction by the KL Defendants.

### Fourth Affirmative Defense

64. Any harm or injury sustained by Plaintiff was not directly, indirectly or proximately caused by any action or inaction by the KL Defendants.

### Fifth Affirmative Defense

65. One or more of the counts in the Complaint are barred in whole or in part by the doctrines of laches, waiver, estoppel, unjust enrichment, unclean hands, *in pari delicto*, general principles of equity, and/or any other equitable defenses that may apply upon further discovery or investigation.

### Sixth Affirmative Defense

66. One or more of the counts in the Complaint are barred in whole or in part by the Plaintiff's failure to mitigate damages.

### Seventh Affirmative Defense

67. One or more of the counts in the Complaint are barred in whole or in part because the KL Defendants owed no duties or obligations to Plaintiff.

**Eighth Affirmative Defense**

68. One or more of the counts in the Complaint are barred in whole or in part because the KL Defendants were acting within their rights and in compliance with their obligations as legal counsel to an entity or entities other than Plaintiff.

**Ninth Affirmative Defense**

69. The Court lacks subject matter jurisdiction over this action due to Plaintiff's failure to meet the requirements of 28 U.S.C. Section 1332, including, without limitation, the requirement that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**Prayer for Relief**

Wherefore, the KL Defendants respectfully request that the Court enter judgment:

(i) dismissing all of the claims and counts in the Complaint against the KL Defendants with prejudice;

(ii) awarding to the KL Defendants their reasonable attorneys' fees and costs pursuant to any and all applicable statutory provisions or otherwise; and

(iii) granting to the KL Defendants such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
May 27, 2022

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**

By: _____/s/ Jeffrey W. Davis_____
Jeffrey W. Davis
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9172
jdavis@kramerlevin.com
***Attorneys for the KL Defendants***