UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENT SALVESON,<br><br>              Plaintiff,<br><br>      -against-<br><br>RELATED MANAGEMENT COMPANY, L.P., 17th AND 10th ASSOCIATES LLC a/k/a 17th AND 10th ASSOCIATES INC., JONATHAN H. CANTER, INDIVIDUALLY AND AS PARTNER, MEMBER, AGENT, AND OFFICER OF KRAMER LEVIN NAFTALIS & FRANKEL, LLP, AND KRAMER LEVIN NAFTALIS & FRANKEL, LLP, a New York Limited Liability Partnership,<br><br>              Defendants. | Case No.: 1:21-cv-10929-JPC<br><br>**ANSWER OF DEFENDANTS RELATED MANAGEMENT COMPANY, L.P. AND 17TH AND 10TH ASSOCIATES LLC TO THE COMPLAINT** |

Defendants, Related Management Company, L.P. ("Related") and 17th and 10th Associates LLC ("17th and 10th LLC," and together with Related, "Defendants"), by their attorneys, Belkin Burden Goldman, LLP, as and for their Answer to the Complaint filed on December 20, 2020 (the "Complaint"), of Plaintiff, Kent Salveson ("Plaintiff"), allege as follows:

**NOTICE OF ACTION**

1. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint that (i) Plaintiff is an owner of a condominium unit (the "Unit") in the building located at 450 West 17th Street, New York, New York 10011 (the "Building"); (ii) in 2016, Plaintiff purchased the Unit using funds from one of his companies and then transferred the Unit into his name in 2019; and (iii) Plaintiff holds valid ownership of the Unit by resolution of this Court. Defendants otherwise deny the allegations contained in paragraph 1 of the Complaint.

## THE PARTIES

2. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegation contained in paragraph 4 of the Complaint that 17th and 10th LLC was and still is a foreign limited liability company existing pursuant to and by virtue of the laws of the State of Delaware, with an address of 450 West 17th Street, New York, New York 10011, and Defendants otherwise deny the allegations contained in paragraph 4 of the Complaint.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 of the Complaint constitute conclusions of law for which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint constitute conclusions of law for which no response is required under the Federal Rules of Civil Procedure. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

**FACTS**

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and respectfully refer the Court to the deed referenced therein as the best evidence of the contents thereof.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and respectfully refer the Court to the deed referenced therein as the best evidence of the contents thereof.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and respectfully refer the Court to the deed referenced therein as the best evidence of the contents thereof.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint that Plaintiff "tried to enter the building in or around 2018 but was denied access because Related refused to acknowledge Mr. Salveson's ownership," and that "Related and Canter have the Consent Judgment and Decree since February 2021, but refuse to acknowledge its significance." Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and respectfully refer the Court to the Consent Judgment and Decree referenced therein as the best evidence of the contents thereof.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and respectfully refer the Court to the deed referenced therein as the best evidence of the contents thereof.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and respectfully refer the Court to the Settlement Agreement and Mutual Release referenced therein as the best evidence of the contents thereof.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint that (i) "[i]n the Woo Bankruptcy, Steven Y. Woo filed a motion wherein he disavowed ownership of the Unit;" (ii) "[o]ut of an abundance of an abundance of caution and to ensure Woo waived any and all claims of ownership in the Condo, Woo signed a statement verifying that he did not have any ownership rights in the Condo, a copy of that agreement is annexed hereto as Ex. F;"; and (iii) "Canter has this agreement…"  Defendants otherwise deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint that (i) "Plaintiff has attempted on multiple occasions to access the Unit, and attempted to resolve this short of court action;" and (ii) "[i]n the summer of 2021, Plaintiff instructed his counsel to try to gain access to the Unit;" and Defendants otherwise deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, and Defendants note that there is no document labeled "Ex. G" annexed to the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that the operation of the Building, and the rules concerning ownership of units in the Building, are governed by the By-Laws of the Caledonia condominium (the "Condominium"), and Defendants note that there is no document labeled "Ex. H" annexed to the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint, and respectfully refer the Court to the By-Laws referenced therein as the best evidence of the contents thereof.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

## COUNT ONE

25. In response to paragraph 25 of the Complaint, Defendants repeat and re-allege each of the allegations set forth in paragraphs 1 through 24 hereof, as if more fully set forth herein.

26. Answering paragraph 26 of the Complaint, Defendants refer the Court to New York Real Property Actions & Proceedings Law ("RPAPL") § 853 as the best evidence of its terms.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

## COUNT TWO

30. In response to paragraph 30 of the Complaint, Defendants repeat and re-allege each of the allegations set forth in paragraphs 1 through 29 hereof, as if more fully set forth herein.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

## COUNT THREE

34. In response to paragraph 34 of the Complaint, Defendants repeat and re-allege each of the allegations set forth in paragraphs 1 through 33 hereof, as if more fully set forth herein.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

## COUNT FOUR

42. In response to paragraph 42 of the Complaint, Defendants repeat and re-allege each of the allegations set forth in paragraphs 1 through 41 hereof, as if more fully set forth herein.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

## COUNT FIVE

46. In response to paragraph 46 of the Complaint, Defendants repeat and re-allege each of the allegations set forth in paragraphs 1 through 45 hereof, as if more fully set forth herein.

47. Answering paragraph 47 of the Complaint, Defendants refer the Court to 5 U.S.C. § 1692g as the best evidence of its terms.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and respectfully refer the Court to the email referenced therein as the best evidence of the contents thereof.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and respectfully refer the Court to the email referenced therein as the best evidence of the contents thereof.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

## **COUNT SIX**

54. In response to paragraph 54 of the Complaint, Defendants repeat and re-allege each of the allegations set forth in paragraphs 1 through 53 hereof, as if more fully set forth herein.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

## AFFIRMATIVE DEFENSES

61. Without admitting or acknowledging that Defendants bear any burden of proof, Defendants assert the following affirmative defenses. Defendants intend and specifically reserve the right to rely upon any additional defenses that become available or apparent while this action is pending and reserve the right to amend this Answer in order to assert any such further defenses.

## FIRST DEFENSE

62. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

63. Plaintiff lacks standing to assert any or all of the Counts in the Complaint against Defendants.

## THIRD DEFENSE

64. This Court lacks subject matter jurisdiction over this action in that Plaintiff fails to satisfy the requirements of 28 U.S.C. § 1332, including, without limitation, the requirement that the matter in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs.

## FOURTH DEFENSE

65. Plaintiff's Count One fails to state a claim upon which relief can be granted in that Plaintiff does not qualify for the protections of RPAPL § 853 because the Complaint does not contain factual allegations that Plaintiff was disseized, ejected, or put out of real property in a forcible or unlawful manner.

## FIFTH DEFENSE

66. Plaintiff's Count One is barred in that Plaintiff does not qualify for the protections of RPAPL § 853 because Plaintiff was not disseized, ejected, or put out of real property in a forcible or unlawful manner.

**SIXTH DEFENSE**

67. Plaintiff's Count Two fails to state a claim upon which relief can be granted in that an action sounding in conversion does not lie where the property involved is real property.

**SEVENTH DEFENSE**

68. The sale, transfer and conveyance of apartment units in the Condominium are subject to Article 8 of the By-Laws of The Caledonia (the "By-Laws"). A copy of the By-Laws is annexed to the Complaint (designated as Exhibit H but appearing after exhibit tab F).

69. Plaintiff alleges in paragraph 10 and 11 of the Complaint that Steven Y. Woo ("Woo") and Jolynne E. Ewing ("Ewing") were the former owners of the subject condominium unit (the "Unit"), and that Woo and Ewing transferred the Unit in 2015 to an entity known as EQD, LLC aka EQD LLC ("EQD") by way of a certain Quitclaim Deed, a purported copy of which is annexed to the Complaint at Exhibit C.

70. Woo and Ewing did not provide notice to the Board of Managers of the Condominium of the alleged transfer of the Unit from Woo and Ewing to EQD, in violation of the By-Laws.

71. Plaintiff further alleges in paragraph 11 of the Complaint that Woo sold and transferred EQD (the thereby the Unit) to Sung Yi ("Yi") in or about July 2015.

72. Woo and Ewing did not provide notice to the Board of Managers of the Condominium of the alleged transfer of the Unit through the transfer of EQD to Yi, in violation of the By-Laws.

73. Plaintiff further alleges in paragraph 12 of the Complaint that Yi, as the 100% member of EQD, sold and transferred EQD (and thereby the Unit) to Plaintiff on or about July 2, 2016.

74. Neither Yi nor Plaintiff provide notice to the Board of Managers of the Condominium of the alleged transfer of the Unit through the transfer of EQD by Yi to Plaintiff, in violation of the By-Laws.

75. The Unit is located in the tower portion of the building, and as such, is a tower unit.

76. Section 8.1.1 of the By-Laws provides as follows in pertinent part, as follows:

> 8.1.1   Any Unit Owner who receives a bona fide offer to (a) purchase such Unit [sic] Owner's Unit together with its appurtenant Common Interest . . . shall give notice by certified mail or registered mail, return receipt requested, to the Condominium Board . . .. The giving of such notice to the Condominium Board, on behalf of all the Unit Owners represented by the Condominium Board, . . . together with a copy of the fully executed contract of sale for such Unit, shall constitute an offer by the Offeree Unit Owner to sell such Unit Owner's Unit together with is appurtenant Common Interest . . . to the Condominium Board, or its designee, . . .

77. Furthermore, Section 8.10 of the By-Laws, entitled "Unauthorized Sales or Leases of Tower Units" provides in pertinent part as follows:

> Any purported sale or lease of a Unit consummated in violation of Sections 8.1, or 8.4 or 8.9 shall be voidable at the election of the Condominium Board and if the Condominium Board shall so elect, the Unit Owner shall be deemed to have authorized and empowered the Condominium Board to institute legal proceedings to eject the purported purchaser (in case of an unauthorized sale) . . . in the name of the said Unit Owner as owner . . . .

78. Plaintiff and his predecessor-in-interest, Woo, Ewing, EQD and Yi, failed to comply with Article 8 of the By-Laws, in that each of them failed to provide notice of the aforesaid purported sales and transfers of the Unit to the Board of Managers of the Condominium in violation of Section 8 of the By-Laws.

79. By reason of the foregoing, Plaintiff's alleged ownership of the Unit is voidable by the Board of Managers of the Condominium.

**EIGHTH DEFENSE**

80. At all times Defendants have fully complied with the Condominium By-Laws, including the Condominium Rules and Regulations.

81. Plaintiff failed to comply with the rules and procedures of the Condominium by refusing to complete and return to Defendants an information package distributed to all potential new unit owners as part of the Building's safety and security protocols.

**NINTH DEFENSE**

82. Plaintiff's Count Four is barred in that a fiduciary relationship does not exist between Plaintiff and either of the Defendants.

**TENTH DEFENSE**

83. Plaintiff's Count Six fails to state a claim upon which relief can be granted for a declaratory judgment in that Plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract.

**ELEVENTH DEFENSE**

84. Plaintiff's Count Six fails to state a claim upon which relief can be granted for a declaratory judgment in that Plaintiff fails to allege that a declaratory judgment would serve a useful purpose in clarifying or settling a legal issue and thus such judgment would finalize the controversy and offer relief from uncertainty.

**TWELFTH DEFENSE**

85. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## THIRTEENTH DEFENSE

86. Plaintiff has not sustained any harm, injury or damages which were proximately caused by any action or inaction by Defendants.

## FOURTEENTH DEFENSE

87. Plaintiff failed to name a necessary party to this action, to wit, the Board of Managers of the Condominium.

88. Consequently, the action should be dismissed.

## FIFTEENTH DEFENSE

89. One or more of Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate damages.

WHEREFORE, Defendants respectfully demand judgment as follows:

(a) an order dismissing the complaint;

(b) that judgment be entered in favor of Defendants; and

(c) for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 17, 2022

**BELKIN BURDEN GOLDMAN, LLP**
*Attorneys for Defendants*
Related Management Company, L.P. and
17th and 10th Associates LLC
One Grand Central Place
60 East 42nd Street, 16th Floor
New York, New York 10165
(212) 867-4466

By: *Jay B. Solomon*
Jay B. Solomon, Esq.

MANTAR/15264.0001/3884763.2