Case 1:21-cv-10929-JPC   Document 27   Filed 07/13/22   Page 1 of 4



|  | *Partners* | Gregory A. Byrnes |
|---|---|---|
|  | Gregory A. Byrnes (NJ, NY) | 152 Madison Avenue, 14th Floor |
|  | Jeffrey K. Davis (NY) | New York, New York 10016 |
|  | Mitchell Cantor (NY) | (e): Gregory@davisblegal.com |
|  |  | (o): (646) 448-5279 |
|  |  | (f): (646) 396-0431 |

**DAVIS & BYRNES**

July 9, 2022

The Honorable John Cronan
United States District Court
Southern District of New York
500 Pearl Street
Courtroom 12D
New York, NY 10007

        **RE:**   *Kent Salveson v. Related Management Company, L.P., et al.*
             <u>Index No.: 1:21-CV-10929-JPC</u>

Your Honor,

This joint letter is submitted pursuant to the Notice of Assignment, dated June 27, 2022.

**(1) A brief statement of the nature of the action and the principal defenses**

<u>Plaintiff's Position</u>

    Plaintiff, Kent Salveson ("Plaintiff"), commenced this action against defendants Related Management Company, L.P. ("Related"), 17th and 10th Associates LLC a/k/a 17th and 10th Associates Inc. ("17th and 10th"), Jonathan H. Canter ("Canter"), and Kramer Levin Naftalis & Frankel, LLP ("Kramer Levin" together with Related, 17th and 10th, Canter are, collectively, "Defendants") to obtain physical possession of a condominium that plaintiff has directly or indirectly owned since 2016 and damages for being kept out. Specifically, plaintiff seeks a (a) declaratory judgment that plaintiff is the rightful owner of the condominium unit; (b) damages based on defendants' conversion of plaintiff's key; and (c) damages based on defendants' breach of (i) fiduciary duty, (ii) the By-Laws, and (iii) Real Property Actions & Proceedings Law 853, for which plaintiff is entitled to treble damages.

    It is Plaintiff's position that he is the lawful owner of the condominium unit 1009 (the "Condo") in the building located at 450 West 17th Street, New York, New York 10011 (the "Building") and defendants 17th and 10th and Related (the "Condo Defendants") waived any right to notice under the bylaws and provided the documentation requested by 17th and 10th. In 2016, Mr. Salveson purchased EQD's membership interest and asset, which is the Condo, using funds from one of his companies. Then in 2019, Plaintiff transferred the Condo into his name. Despite Plaintiff's valid ownership of the Condo by resolution in this Court, the Condo Defendants have refused to grant Plaintiff access to the Building, and specifically to the Condo. This Court entered a consent decree in *Kent Salveson, Esq. and EQD, LLC v. Sung Yi*, Case No. 1:20-cv-06684, holding that Mr.

Salveson is 100% owner of EQD, LLC.

Plaintiff further alleges that the Condo Defendants have refused to allow Plaintiff access to the Condo, depriving him of real property that he legally owns in violation of Real Property Actions & Proceedings Law § 853 (the first cause of action). By the Condo Defendants continuing to exercise their control over the Condo and interfering with Plaintiff's right of possession (the second cause of action), they have breached their fiduciary duties and By-Laws (the third and fourth causes of action). It is Plaintiff's position that he is entitled to a declaratory judgment that he is the rightful owner of the Condo (the sixth cause of action) and damages for the Condo Defendants' actions mentioned above. On more than one occasion, Plaintiff, at the request of the Condo Defendants, submitted documentation to the Condo Defendants concerning the transfer of ownership of the unit.

In addition, Plaintiff asserts against defendants Kramer Levin and Canter (the "Law Firm Defendants") a FDCPA violation for failing to deliver a debt verification letter to Mr. Salveson while trying to collect condominium association fees.

**Defendants' Position**

Defendants believe this case should never have been filed for a very simple reason: Even assuming Plaintiff was and is the lawful owner of the Unit, then he was subject to all of the same rules, regulations and bylaws as every other unit owner in the building. When Plaintiff sought access to the Unit, he was simply asked to provide the necessary documentation to comply with the applicable rules and pay any open charges, which charges were relatively minimal at the time (approximately $3,000). Plaintiff simply refused to do so, and ultimately filed a federal lawsuit raising claims that have no merit under statutes that do not apply here.

The Condo Defendants have taken the position that Plaintiff has failed to state a claim upon which relief can be granted (the first, fourth, sixth, tenth, and eleventh affirmative defenses), that this Court lacks subject matter jurisdiction, that Plaintiff's ownership is voidable under the By-Laws, that no fiduciary duty exists, that Plaintiff failed to comply with the Condominium rules; that Plaintiff failed to provide proper identification; that they have defenses of waiver, laches, unclean hands, and/or estoppel, and that Plaintiff failed to name a necessary party, the Board of Managers of the Caledonia Condominium.

The Condo Defendants specifically argue that Plaintiff failed to provide proper notice in accordance with the By-Laws; therefore, the transfers that resulted in Mr. Salveson's ownership are voidable. In addition, the Condo Defendants argue that Plaintiff failed to comply with the rules and procedures by completing and returning an information package to the Condo Association.

The Law Firm Defendants provided services to Related (Defendant Canter is a real estate partner of Kramer Levin). Plaintiff asserts its FDCPA claim against them solely because Canter sent two emails to Plaintiff's counsel noting that Plaintiff still owed common charges that should be "cleaned up." (Complaint ¶¶ 48-49). Plaintiff claims that Canter, by his reference to the common charges owed, "attempted to collect an alleged debt from Plaintiff" and failed to send a FDCPA debt verification notice, thus violating the FDCPA (Complaint ¶¶50-51). On information

Case 1:21-cv-10929-JPC   Document 27   Filed 07/13/22   Page 3 of 4



and belief, the amount of common charges owed at the time of Canter's emails was approximately $3,000. Defendants Kramer Levin and Canter deny that an FDCPA claim, or any claim, has been stated against them. They also allege that they owe no duties, fiduciary or otherwise, to Plaintiff, and never controlled access to the Unit which is the subject of Plaintiff's lawsuit. They have asserted additional affirmative defenses.

**(2) A brief explanation of why jurisdiction and venue lie in this Court**

Plaintiff's claim is that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000.00 and is between citizens of different states. The value of the unit is estimated to be worth hundreds of thousands of dollars and Plaintiff is seeking damages estimated at $5,000 per month since Mr. Salveson's indirect acquisition of the unit in 2016. Venue is proper under 28 U.S.C. § 1391(b)(2) because the Unit is located within this District.

Defendants Related and 17th and 10th allege that the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiff does not allege damages exceeding $75,000.00 or the basis for such damages.

**(3) A brief description of all outstanding motions and/or all outstanding requests to motions**

On May 23, 2022, Plaintiff requested a certificate of default against the Condo Defendants, based on their failure to timely answer or otherwise plead. On the same day the Condo Defendants moved for an extension of time to answer and on May 24, 2022, Your Honor granted the extension.

**(4) A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations**

As of the date of this joint statement, no discovery has taken place. Each party plans to engage in document discovery and depositions.

**(5) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any**

The parties engaged in settlement discussions between January 2022 and April 2022 and were close to settlement where the Condo Defendants would provide Plaintiff access and waive certain condo association arrears; however, the parties were unable to execute a final settlement stipulation and agreement. The settlement negotiations terminated in mid-April 2022 and were for a global settlement.

Most recently Plaintiff's settlement demand is for Condo access and a waiver of condominium fees to $1 perpetually or $350,000. This would be for a global settlement.

Defendants further note that they believe that the parties negotiated and reached a global settlement, as was reflected in correspondence to the Court seeking extensions, and that Plaintiff drafted a settlement agreement, made revisions based on Defendants' comments, and had sent it

3


DAVIS & BYRNES

to the Defendants for execution. However, Plaintiff then chose not to execute or proceed with the negotiated settlement. Defendants respectfully request that the Court address settlement at the July 20, 2022, conference, as they believe that the settlement agreement circulated by the Plaintiff for execution reflected a fair and reasonable resolution of the dispute.

**(6) The estimated length of trial; and**

The estimated length of trial would be 2 days.

**(7) Any other information that the parties believe may assist this Court in resolving the action.**

Plaintiff intends to file a motion to amend the complaint and add the Board of Managers.

Very truly yours,

DAVIS & BYRNES

By: _____
Gregory A. Byrnes

4